[No. 6,527.—Department No. 1.]
RENKEN v. BELLMER ET AL.

MORTGAGE—NOTE—DELIVERY.

APPEAL from a judgment for the plaintiff, in the Sixth District Court, County of Sacramento. DENSON, J.

The complaint alleges the execution of the note and mortgage sued upon, on June 12th, 1876. The answer of defendant Wm. Kleinsorge denies "that *the note* * * was executed and delivered to said plaintiff on the 12th day of June, 1878, or at any time prior to the 20th day of February, 1876"; and alleges that on that day the defendants Bellmer and Charles Kleinsorge, the mortgagors, were adjudged bankrupt; and the defendant, William Kleinsorge, appointed assignee, and that the note was thereafter delivered by the defendant Bellmer. The Court found all the allegations of the complaint to be true, and also

all the allegations of the answer except the allegation as to the note and mortgage, and these it found to be untrue.

The defendant Bellmer testified in effect that he and his partner (defendant Charles Kleinsorge) used in their business certain money of the plaintiff, (which was in witness's hands as his attorney in fact) and that the note and mortgage in suit was executed by them to secure the repayment of this money; that the witness delivered the mortgage to the Recorder for record, supposing and intending that to be a good delivery; that the plaintiff was notified of the transaction and approved it, and afterward wrote to the witness for the interest, which was paid up to February, 1877; that witness delivered the note to the plaintiff's attorney in April, 1878.

The defendant Wm. Kleinsorge testified that he found the mortgage in the safe of the other defendants, in a package with other papers of theirs, when he was appointed assignee.

*L. S. Taylor*, for Appellant.

The only question in this case is as to the fact of the delivery of the mortgage at a time preceding the adjudication in bankruptcy; at any time when the bankrupts had authority to deliver it. The note was not delivered. The mortgage was placed in the hands of the Recorder for record. The suit is brought upon the theory that the note was a valid note, and had been executed and delivered, and the mortgage was foreclosed to pay that note.

*A. C. Freeman*, for Respondent.

The pleadings *admit* the execution and delivery of the mortgage, June 12th, 1876, which was nearly two years prior to the adjudication in bankruptcy. But if the delivery were not admitted, the only question would be, can a mortgagor, who owes money, and who makes, signs, and acknowledges, and files for record a mortgage, believing and intending it to be a valid delivery, who notifies the mortgagee that he has taken the money on the note and mortgage, and receives a letter back ratifying the transaction, and who receives from the mortgagee in Germany a demand for the payment of interest, and who pays one

year's interest upon that note and mortgage nearly one year prior to the adjudication in bankruptcy—could he, a year after that, had he not become a bankrupt, repudiate the transaction, and say that that was not a valid delivery? If *he* could not, the assignee in bankruptcy cannot.

McKINSTRY, J., for the Court:

We think there was sufficient delivery of the note and mortgage, and the judgment must be affirmed, and it is so ordered.